Filing # 86956851 E-Filed 03/26/2019 11:06:20 AM

IN THE COUNTY COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

DEJA KNOWLTON,

   Plaintiff,   Case No.:
          Division:

vs.

CONSUMER DIRECT FOR FLORIDA, LLC,

   Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Deja Knowlton, by and through the undersigned attorneys, comes now and sues Defendant, Consumer Direct for Florida, LLC., and alleges as follows:

1. This is an action for damages, declaratory and injunctive relief where the total damages, including liquidated damages, for Plaintiff exceeds $5,000, but does not exceed $15,000, EXCLUSIVE OF ATTORNEYS FEES AND COSTS.

2. This is an action for damages, declaratory and injunctive relief due to Defendant's failure in the to pay legally required minimum wages, and is brought pursuant to 29 U.S.C. §§ 201-219, the Fair Labor Standards Act of 1938, as amended (the "FLSA"), and for unpaid wages generally under Section 448.08, Florida Statutes.

3. This Court is a Court of competent jurisdiction to hear

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 03/26/2019 12:43:19 PM

this cause pursuant to the FLSA, 29.U.S.C. § 216(b), and to provide any declaratory relief as may be required pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202. **This cause can be removed to the United States District Court for the Middle District of Florida, but any Defendant in any case desiring to do so should be aware of the procedural requirements for resolving FLSA disputes in the Middle District, which may be significantly stricter than in this Court and involve substantially increased attorneys fees, as the Middle District of Florida is generally considered to be among the most stringent courts in the United States for settlement of FLSA cases.** See e.g., *Dees v. Hydradry*, Inc. 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

4. At all times relevant, Defendant, Consumer Direct for Florida, LLC, ("CD"), was, and is, a foreign limited liability company formed under the laws of Montana, but duly registered under the laws of Florida, and which did, and does, regularly conduct business in Duval County Florida, and Plaintiff at all times relevant was employed by CD in Duval County. CD is in the business of providing employees who provide in-home care and assistance to persons who suffer from disability or infirmary.

5. All conditions precedent to this action have been met.

6. Plaintiff at all times relevant was employed by Defendant as a Caregiver, and her de facto job duties included that she was required to cook for, bathe, clean house, provide personal care for, and otherwise provide assistance for Brenda Lozada, a person with disabilities who required such car and attention. Plaintiff is no longer employed by Defendant.

7. At all times relevant, Defendant CD had gross annual earnings of at least $500,000.

8. At all times material to this action, Defendant CD was an enterprise covered by the FLSA as defined by 29 U.S.C. § 203.

9. At all times material, Defendant CD had two or more employees engaged in interstate commerce.

10. At all times relevant, Defendant CD was an "employer" under the FLSA, and subject to its provisions, pursuant to 29 U.S.C. § 201, et seq.

11. At all times relevant, Plaintiff was a non-exempt hourly employee of Defendant, as contemplated and defined by the FLSA and regulations relating thereto, and therefore, were required to be paid minimum wages as provided by the FLSA.

12. Plaintiff was hired by Defendant on October 1, 2018, and ended her employ on February 2, 2019.

13. During the course of her employ, Plaintiff was to be paid the sum of $9.24 per hour for hours when she did cleaning only services for her work for Defendant for the benefit of Brenda Lozada, and $12.00 per hour for hours when she was providing direct care for her.

14. Between October 1, 2018 and February 2, 2019, Plaintiff worked for Defendant 40 hours per week (8 hours per day), with 32 hours per week at the rate of $12.00 per hour, and 8 hours per week at the rate of $9.24 per hour.

15. All together, from October 1 through February 2, Plaintiff worked a total of 18 weeks, or 72 days (576 hours) at $12.00 per hour, and 18 days (144 hours) at $9.24 per hour. Thus, she should have been paid a total gross pay of $8,242.56.

16. However, Defendant repeatedly refused to pay Plaintiff her full and proper wages owed under different improper and illegal claimed justifications for not doing so, all of which were known to Defendant to be nonsense. Defendant, for instance, contended that the first month of Plaintiff's employee she was not entitled to be paid at all - and was required to work for free - because her background check was not completed. Defendant then contended that she was not entitled to be paid because the woman she was providing services for, Brenda

Lozada, objected to her being paid. Any employer knows that these are invalid and illegal justifications to deny an employee their earned wages.

17. When Plaintiff protested over and over, Defendant did finally agree to pay her some money of which she was owed. However, Defendant only paid her for some of the work she performed in January 2019 and February 2019, and nothing for October, November and December. Ultimately, Defendant paid Plaintiff for only 165 hours of work at $12.00 per hour, and 25 hours of work she performed at $9.24 per hour.

18. As such, Defendant failed and refused to pay Plaintiff for 411 hours she worked at $12.00 per hour, and 139 hours at $9.24, for a total of $6,216.36 that is owing and unpaid to Plaintiff for her wages.

19. Defendant's failure to pay Plaintiff entirely the wages she is owed for many weeks of work amounts to a violation by Defendant of its requirement to pay her a minimum wage, as provided by the FLSA.

20. Defendant has made no good faith efforts to comply with the FLSA, even despite complaints from Plaintiff about her unpaid minimum wages. Defendant knowingly, wilfully and with reckless disregard for the law carried out its illegal practice of failing to pay Plaintiff. No employer who fails to pay an employee entirely for

their due wages, for a period of weeks, violates the FLSA in good faith.

21. Defendant did not keep accurate time records for the hours that Plaintiff worked, as required by 29 U.S.C. §211 and 29 C.F.R. Part 516.

22. Plaintiff is entitled to recover from Defendant all minimum wages for the time she worked.

23. Pursuant to the FLSA, in addition to her actual damages amounts for unpaid regular and minimum wages, Plaintiff is entitled to recover from Defendant an additional equal sum, as liquidated damages, because Defendant had no good faith basis to not pay the wages that were due.

24. Plaintiff has retained the undersigned attorneys to prosecute this cause on her behalf and is obligated to pay them a reasonable fee for their services.

25. Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees incurred in successfully prosecuting this action, pursuant to the FLSA, and Section 448.08, Fla. Stat. This Court is required by the FLSA to award (must award, not may award) Plaintiff her reasonable attorneys fees in successfully prosecuting this action. The undersigned has not taxed fees in any court in the past decade at less than $330 per hour, and in case of any default by Defendant, $330 per hour is a reasonable hourly rate for the

undersigned to charge, subject to any *lodestar* multiplier.

26. Defendant continues to improperly pay their current employees the minimum wages they are owed.

27. Accordingly, this Court should declare that this practice is improper and should enjoin Defendant from further violations of the FLSA in this regard.

**WHEREFORE**, Plaintiff demands judgment against Defendant:

1. For unpaid minimum and regular wages, plus
2. Prejudgment interest on all unpaid back pay, plus,
3. An amount equal to the unpaid back pay as liquidated damages pursuant to 29 U.S.C. § 216(b), plus,
4. Declaring that Defendant violated the FLSA by failing to properly pay minimum wages, plus
5. Enjoining Defendant in the future from violating the FLSA as to currently employed or similarly situated employees in the future in the manner at issue in this action, plus
6. For all costs connected with and taxable related to the prosecution of this action, plus reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and Section 448.08, Fla. Stat.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**LAW OFFICE OF DON PINAUD**

*[signature]*

**Donald E. Pinaud, Jr.**
Florida Bar No. 111694
4069 Atlantic Boulevard
Jacksonville, Florida 32207
(904)552-5500
(904)398-1568 (fax)
dp@jaxjustice.com - regular
and service of process email
Attorneys for Plaintiff
